Per Curiam.

The sole issue in this case is whether a person selected as a party candidate for an office in a primary election who withdraws his candidacy for that office is eligible for selection as a party candidate by the party committee to fill a vacancy in the nomination for another office created by the withdrawal of the candidate originally nominated.
The determination of this question rests on the construction of Section 3513.04, Bevised Code, which reads in part as follows:
“No person who seeks party nomination for an office or position at a primary election by declaration of candidacy shall be permitted to become a candidate at the following general election for any office by nominating petition or by write-in.”
It is relator’s contention that this section bars the candidacy of Flask.
*240 However, an examination of this section reveals that hy its very terms its operation is confined to those situations where a candidate seeks a place on the ballot either by a write-in vote or by nominating petition. No reference is made to the present situation whereby a candidate is selected by a party committee under the provisions of Section 3513.31, Revised Code. Thus, there is no direct prohibition of respondent Flask’s candidacy by this section unless, as urged by relator, selection by party committee is equivalent to selection by nominating petition.
It is argued by relator that selection by party committee necessarily must be construed to be equivalent to a nominating petition as any other interpretation would render Section
3513.31, Revised Code, invalid as violating Section 7, Article V of the Ohio Constitution, which reads in part as follows:
“All nominations for elective state, district, county and municipal offices shall be made at direct primary elections or by petition as provided by law * *
Relator urges that, since this section requires nomination either by direct primary or by petition, unless the action of the committee is considered to be a nominating petition, Section
3513.31, Revised Code, must be invalid. He urges that the court must follow the rule that, where there are two possible interpretations of a statute, one which would render it valid and the other invalid, that interpretation must be taken which will render the statute valid, and that, therefore, the action of the committee must be considered essentially as a nomination by a nominating petition. Respondents agree to this interpretation to the point that the action consists of nomination by petition but do not concede that it is a nominating petition within the purview of Section 3513.04, Revised Code.
Inasmuch as Section 3513.04, Revised Code, specifically refers to a “nominating petition,” it is necessary to determine the meaning of this phrase under the Ohio statutes. An examination of the election laws indicates that the phrase, “nominating petition,” has a specific meaning. Under our statutes the candidates for public office may gain nomination by two methods: One, by filing a declaration of candidacy accom *241 panied by a petition entitling one to be a participant in the direct party primary wherein candidates from all political parties seek their nomination; or, two, by what is designated as a nominating petition, the method by which the independent candidate may seek his place on the elective ballot. (See Section 3513.252, Revised Code.) In other words, the nominating petition is the method by which the independent candidate seeks his place on the elective ballot. Clearly, a selection by a party committee of a party candidate to fill a vacancy on the ballot would not fall within the meaning of a nominating petition. The purpose of Section 3513.31, Revised Code, is to replace a duly nominated party candidate, who, because of death or withdrawal, has created a vacancy in the party ticket. The selection is of a party candidate and not an independent candidate and thus does not constitute a nominating petition or a petition in any sense.
The purpose of Section 3513.04, Revised Code, clearly is to prevent a disappointed party candidate who has failed to be selected as a nominee in the primary from again trying to be placed on the elective ballot by entering the arena as an independent candidate.
The operation of Section 3513.04, Revised Code, is confined to a nominating petition within the meaning of such term as used in the Ohio statutes and does not relate to persons selected by a party committee under the terms of Section 3513.31, Revised Code.
This interpretation, however, does not render Section 3513.31, Revised Code, invalid, as contended by relator. Although it is true that Section 7, Article V of the Ohio Constitution, provides that all nominations must be by direct primary or by petition, this section leaves a void in the election laws. It does not make provision for those situations which necessarily must arise where vacancies occur in nominations at a time when it is not practicable to select a new candidate either by direct primary or petition.
The framers of the Constitution, apparently anticipating that there might be certain areas in the elective process un *242 touched by specific provisions of the Constitution, included in the Constitution the provisions of Section 27, Article II, which reads in part as follows :
‘ ‘ The election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this Constitution, or the Constitution of the United States, shall be made in such manner as may be directed by law * * *.”
Although this section refers only to the election of officers, the selection of candidates is a basic and fundamental part of our elective process. It is the duty of the General Assembly under this section to provide proper elective processes.
In Mullholand v. Batt, 164 Ohio St., 362, the court said in paragraphs one and two of the syllabus:
“1. Under the provisions of Section 27 of Article II of the Constitution of Ohio relating to the legislative powers of the General Assembly, the election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by such Constitution or the Constitution of the United States, shall be made in such manner as may be directed by law.
“2. The General Assembly is invested with the power and the duty to provide necessary election machinery and reasonable regulations for the exercise of the elective franchise.”
Inasmuch as Section 7, Article V of the Ohio Constitution, leaves a void so far as any provision for selection of candidates under the present situation is concerned, the General Assembly has the power under Section 27, Article II, to provide a method of selection of nominees. This it has done by the enactment of Section 3513.31, Revised Code.
Section 3513.31, Revised Code, relating to the selection of candidates to fill vacancies, is, therefore, valid, and a selection thereunder does not constitute a selection by nominating petition. Therefore, inasmuch as Section 3513.04, Revised Code, confines its prohibitions to those seeking candidacy or election by write-in votes or nominating petition, it does not apply to a candidate selected by party committee under the provisions of Section 3513.31, Revised Code.
The demurrer to the petition is, therefore, sustained, and, *243 since the parties have agreed that the decision on the demurrer shall be dispositive of the action, a writ of prohibition is denied.

Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.